IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INOCENCIO J. SOLARES, | No. C 15-1575 RMW (PR) |
| Plaintiff, | ORDER OF DISMISSAL |
| v. | |
| M.E. SPEARMAN, | |
| Defendant. | |

Plaintiff, a California state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff's motion to proceed in forma pauperis is granted in a separate order. For the reasons stated below, the court dismisses the complaint for failure to state a claim.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),

1  (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police
2  Dep't, 901 F.2d 696, 699 (9th Cir. 1988).
3         To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
4  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
5  the alleged deprivation was committed by a person acting under the color of state law. West v.
6  Atkins, 487 U.S. 42, 48 (1988).
7  B.    Plaintiff's Claims
8         In plaintiff's complaint, he alleges that he was removed from general population and
9  placed in administrative segregation. During that time, plaintiff's property was stored for him,
10 and when plaintiff returned to general population, plaintiff received his property. Upon receipt,
11 however, plaintiff noticed that several items were missing. For example, plaintiff's wedding
12 band, a compact disc player, headphones, a digital television, and other items. Plaintiff has
13 requested the return of this property, but the prison refuses to respond. Plaintiff claims that the
14 Warden violated state regulations, and is responsible for compensating plaintiff.
15        Ordinarily, due process of law requires notice and an opportunity for some kind of
16 hearing prior to the deprivation of a significant property interest. See Memphis Light, Gas &
17 Water Div. v. Craft, 436 U.S. 1, 19 (1978). However, neither the negligent nor intentional
18 deprivation of property states a due process claim under Section 1983 if the deprivation was
19 random and unauthorized. See Parratt v. Taylor, 451 U.S. 527, 535-44 (1981) (state employee
20 negligently lost prisoner's hobby kit), overruled in part on other grounds, Daniels v. Williams,
21 474 U.S. 327, 330-31 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional
22 destruction of inmate's property). Rather, the availability of an adequate state post-deprivation
23 remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due
24 process. See Zinermon v. Burch, 494 U.S. 113, 128 (1990) (where state cannot foresee, and
25 therefore provide meaningful hearing prior to, deprivation statutory provision for post-
26 deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process);
27 King v. Massarweh, 782 F.2d 825, 826 (9th Cir. 1986) (same). California law provides such an
28 adequate post-deprivation remedy. See Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994)

1  (citing Cal. Gov't Code §§ 810-895).

2  Accordingly, plaintiff's allegations are insufficient to state a federal constitutional claim.

3  **CONCLUSION**

4  This action is DISMISSED with prejudice for failure to state a claim because no amount
5  of amendment would cure the deficiencies of the complaint.  The Clerk shall enter judgment and
6  close the file.

7  IT IS SO ORDERED.
8  DATED: _____

*Ronald M. Whyte*
RONALD M. WHYTE
9  United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

INOCENCIO J SOLARES et al,

        Plaintiff,

  v.

M.E. SPEARMAN et al,

        Defendant.

Case Number: CV15-01575 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 11, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Inocencio J Solares D-10120
Correctional Training Facility (CTF)
Post Office Box 686
Soledad, CA 93960

Dated: August 11, 2015

                                        Richard W. Wieking, Clerk
                                        By: Jackie Lynn Garcia, Deputy Clerk